UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO.: 1:11-cr-0082-TWP-KPF |
| RAFEAL MUNOZ-CARDENAS, | ) | -01 |
| Defendant. | ) | |

## REVIEW OF DETENTION ORDER

This matter is before the Court for a ruling on the Motion for Revocation of Detention Order (Dkt. 39), filed by the Defendant on June, 8, 2011.

Pursuant to 18 U.S.C.A. §3145(b), the District Court Judge has reconsidered the Motion for Revocation of the Magistrate Judge's Order of Detention, entered on April, 13, 2011. This Court has reviewed the transcript (digital recording) of the record of proceedings held on April 13, 2011, reviewed the pretrial services report and recommendation of detention prepared by the United States Probation Office, and has considered the Motion for Revocation filed by the Defendant as well as the Government's Response and the Defendant's Reply.

The Court finds the Government has met its burden of proof and offered sufficient evidence to sustain a determination that the defendant poses a significant flight risk. The defendant initially lied to the probation officer and claimed an address in California, but later admitted that he has resided in Mexico for the past six years with his girlfriend and her four children. Defendant has several siblings who also reside in Mexico. The defendant's residential ties in the United States are along the southwest border as his estranged wife, children, mother and two siblings live in border towns in California. Defendant claimed to probation that he did not have a passport, however, he passes over the international border with great frequency which is not legally possible without a passport. In making a detention determination, the Court is allowed to consider the nature and circumstances of the offense charged. At the time of his

arrest, the defendant was in possession of a tractor trailer which contained $629,790.00 dollars in suspected drug proceeds; these circumstances provide circumstantial evidence to the court that defendant was in a position of trust with persons of great financial resources, which might aid in a defendant's flight. Unlike in his co-defendant's case, there is no evidence before the Court that defendant or his family own real estate for a recognizance bond with real property which can be pledged as security or that a cash or surety bond could be posted so as to reasonably assure defendant's appearance at trial. Finally, Defendant himself has not maintained stable employment and has no accounts or utilities in his name which would evidence stability and ties to a community.

Under Title 18, United States Code Section 3142, a defendant shall be detained upon a showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the defendant. The District Court's de novo determination is that the Government has met their burden and Defendant's Motion for Revocation of Detention and Review of the Magistrate Judge's Order of Detention (Dkt. 39) is DENIED.

SO ORDERED.

Date: 06/13/2011.

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Magistrate Judge Kennard P. Foster

United States Marshal Service

United States Probation Office

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj

Juval O. Scott
INDIANA FEDERAL COMMUNITY DEFENDERS
juval.scott@fd.org